## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

HANI JUMBLAT,

      Plaintiff,

v.

Case No. __2:18-CV-949___

ALI BABA RESTAURANT,
IVANHO MAKHOUL, and ZIAD ADAMO

      Defendants.

JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES Plaintiff, Hani Jumblat, by and through his attorney Blaire E. Patrick, Esquire of Kraemer Manes and Associates, LLC., and hereby files this Complaint against Defendants, Ali Baba Restaurant, Ivanho Makhoul, and Ziad Adamo alleging as follows:

### I. Nature of the Action

1.     Plaintiff, Hani Jumblat, brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq* because he was denied the benefits under his Defined Benefit Pension Plan and the Fiduciaries to the Defined Benefit Pension Plan breached their fiduciary duties.

### II. Jurisdiction and Venue

2.     This action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, therefore this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3.      Plaintiff is a resident and a citizen of Pennsylvania, a substantial part of the events or omission giving rise to the claims occurred in Western Pennsylvania, and therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391 (b).

4.      Plaintiff, Hani Jumblat, exhausted the administrative remedies under the Defined Benefit Pension Plan before filing this action.

### III. Parties

5.      Plaintiff, Hani Jumblat (hereinafter, "Jumblat"), is an adult individual residing at 968 Tropical Avenue, Pittsburgh, Allegheny County, Pennsylvania 15216.

6.      Defendant, Ali Baba Restaurant (hereinafter, "Ali Baba"), is a Pennsylvania business with a registered address located at 404 South Craig Street, Pittsburgh, Allegheny County, Pennsylvania 15213.

7.      Defendant, Ivanho Makhoul (hereinafater, "Makhoul"), is an adult individual residing at 5245 Forbes Avenue, Pittsburgh, Allegheny County, Pennsylvania 15217.

8.      Defendant Ziad Adamo (hereinafter, "Adamo") is the owner of Ali Baba and an adult individual residing at 516 Farnsworth Street, Pittsburgh, Allegheny County, Pennsylvania 15207.

### IV. Facts

9.      Jumblat began his employment with defendant on or around March 1, 1974.

10.     Jumblat worked with Makhoul at Ali Baba until July 2, 2016 when he was laid off for the first time.

11.     Jumblat reached the age of 65 on March 14, 2016. On or around March 14, 2016, Jumblat began to inquire as to this pension under the Defined Benefit Pension Plan (hereinafter, "Plan") created by and through Makhoul and Ali Baba. *See Attached Exhibit A.*

12.     Jumblat's retirement fund plan became effective on January 1, 1991. *See Attached Exhibit A, Page 1.*

13.     Pursuant to the Plan, upon Jumblat reaching his normal retirement date he would become 100% invested in his retirement benefits. *See Attached Exhibit A, Pages 4 -5.*

14.     Pursuant to the Plan, the Normal Retirement Date occurred when Jumblat reached 65 years of age. *See Attached Exhibit A, Page 2.*

15.     Makhoul, in response to Jumblat's inquiry into the pension, stated that despite Jumblat's contributions over his employment, there were no funds left in the account created by the Plan.

16.     Jumblat was told by Makhoul that after the terror attacks that occurred on September 11, 2001, business at Ali Baba decreased, insinuating that pension funds had been misappropriated from Jumblat's Plan account and expended to keep the business running during alleged difficult economic times.

17.     Jumblat contacted the Department of Labor on or around August 18, 2016, to seek recourse for Ali Baba's refusal to pay out the Plan.

18.     The Department of Labor began an investigation into Jumblat's complaint on or around November 3, 2016, when a letter was sent to Makhoul and Ali Baba requesting more information regarding the allegation.

19.     Throughout the investigation it has been suspected that the Plan that Jumblat and Defendant agreed upon was fraudulent.

20.     Through communications with the Department of Labor it has been determined that the Plan document that Jumblat received was not on file with the alleged pension plan company, Met Life.

21.     Department of Labor investigator Pamela Polk has suspected that the Plan was never put into place despite Jumblat's belief of its existence since 1991.

22.     Pamela Polk's investigation into this matter is still ongoing as of the date of this filing.

23.     Jumblat made a claim that was denied or ignored in whole or in part.

24.     The Plan fiduciaries misused the Plan's money.

25.     Jumblat has suffered damages as a result of Defendant's actions.

## V. Causes of Action

### COUNT I (AS TO DEFENDANTS ALI BABA, MAKHOUL, AND ADAMO )
### Denial of Benefits Pursuant to the Employee Retirement Income Security Act 29 U.S.C.A. § 1132

26.     All preceding paragraphs are incorporated herein as if set forth at length.

27.     Jumblat has a right to benefits that is legally enforceable pursuant to the plan.

28.     The Plan Administrator, Makhoul, improperly denied those benefits.

29.     Jumblat exhausted the administrative remedies under his Plan.

     a.     Jumblat made a claim for benefits which was denied or ignored in whole or in part after having made a claim.

30.     Jumblat has suffered damages as a result of the Defendant's actions.

### COUNT II (AS TO DEFENDANTS MAKHOUL AND ADAMO)
### Breach of Fiduciary Duty Pursuant to the Employee Retirement Income Security Act 29 U.S.C.A. § 1132

31.     All preceding paragraphs are incorporated herein as if set forth at length.

32.     Jumblat exhausted administrative remedies because the Defendants misused the Plan's money.

33.     Defendants, Makhoul and Adamo are fiduciaries pursuant to ERISA.

    a.     Pursuant to the Plan, Makhoul, is listed as the Plan's Administrator and Trustee.

34.     Makhoul and Adamo were acting as fiduciaries because they were acting in the capacity of Manager, Administrator, or Financial Advisor to the Plan, and were acting in an administrative, managerial, and advisory capacity to the Plan.

35.     Makhoul and Adamo are fiduciaries with respect to the plan because they exercised discretionary authority or control respecting management of such plan or exercises any authority or control respecting management or disposition of assets.

36.     Makhoul and Adamo breached their fiduciary duties imposed by ERISA when:

    a.     Makhoul and Adamo dealt the assets of the Plan in their own interest and for their own account by misappropriating the funds for their own use.

    b.     Makhoul and Adamo failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims whenever they misappropriated the funds from the Plan's account.

37.     The breaches described above caused a loss to the Plan.

**<u>Request for Relief</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants Ali Baba, Makhoul, and Adamo for the following:

a. Back benefits as per the Plan ($25,000);

b. Front benefits pursuant to the Plan ($25,000);

c. Liquidated damages against the Defendant as allowed by law;

d. Additional punitive damages;

e. Plaintiff's legal fees and expenses;

f. Pre-judgment and continuing interest;

g. Court costs; and

h. Other such relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

**Blaire E. Patrick, Esq.**
PA ID No. 318332
**Kraemer, Manes & Associates**
US Steel Building
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5595 (p)
412.345.5151 (f)
bp@lawkm.com