IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANI JUMBLAT, | |
| Plaintiff, | Civil Action No. 2:18-cv-00949 |
| v. | |
| ALI BABA RESTAURANT, IVANHO MAKHOUL and ZIAD ADAMO, | United States District Judge Cathy Bissoon |
| Defendants. | |

**DEFENDANTS ALI BABA RESTAURANT'S AND ZIAD ADAMO'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT <u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Defendants Ali Baba Restaurant ("Ali Baba") and Ziad Adamo ("Adamo"), by and through their undersigned counsel, Mary-Jo Rebelo, Esq. and Burns White LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6), file this Brief in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     INTRODUCTION

This action commenced on or around July 20, 2018 when Plaintiff Hani Jumblat ("Jumblat") filed a Complaint against Ali Baba, Adamo, and Defendant Ivanho Makhoul ("Makhoul"). The Complaint asserts two causes of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. Count I purports to assert a claim against all Defendants for a denial of benefits. Count II purports to assert a claim against Makhoul and Adamo for breach of fiduciary duty. For the reasons set forth herein, Jumblat cannot, as a matter of law, maintain his causes of action against either Ali Baba or Adamo. Accordingly, the claim

against Ali Baba and Adamo for denial of benefits and the claim against Adamo for breach of fiduciary duty should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## II. RELEVANT FACTUAL BACKGROUND

The Complaint alleges that Jumblat began "his employment with defendant" on or around March 1, 1974 and that he worked with Makhoul at Ali Baba until July 2, 2016 when he was laid off for the first time. (*See* Compl. ¶¶ 9 and 10.) It is alleged that Jumblat was a participant in a Defined Benefit Pension Plan "created by and through Makhoul and Ali Baba" which became effective on January 1, 1991 (the "Plan"). (*See* Compl. ¶¶ 11 and 12.)[1] It is further alleged that, pursuant to the Plan, Jumblat "would become 100% invested in his retirement benefits" upon reaching his normal retirement date at age 65. (*See* Compl. ¶¶ 13 and 14.) Jumblat reached the age of 65 on March 14, 2016, at which point he began to inquire about his pension under the Plan. (*See* Compl. ¶ 11.) It is alleged that Makhoul responded to Jumblat's inquiry by stating that "there were no funds left in the account created by the Plan." (*See* Compl. ¶ 15.) Makhoul allegedly informed Jumblat that business at Ali Baba had decreased after the terror attacks of September 11, 2011 "insinuating that pension funds had been misappropriated from Jumblat's Plan account and expended to keep the business running during alleged difficult economic times." (*See* Compl. ¶ 16.) Significantly, Jumblat does not allege that he ever had any communication with Adamo about the Plan or that Adamo ever made any representation to him about the Plan or Jumblat's alleged participation in the Plan.

---

[1] Attached as Exhibit A to the Complaint is a document entitled "Summary Plan Description for Ali Baba Restaurant Defined Benefit Pension Plan Employee/Participants". The cover page of Exhibit A identifies Defendant Ivan Makhoul as the Administrator and Trustee.

Jumblat further alleges that the Plan was fraudulent because a Department of Labor investigation revealed that "the Plan document that Jumblat received was not on file with the alleged pension plan company, Met Life." (*See* Compl. ¶¶ 19 and 20.)[2]  It is alleged that the "Department of Labor investigator . . . has suspected that the Plan was never put into place despite Jumblat's belief of its existence since 1991." (*See* Compl. ¶ 21.)

Based on the foregoing allegations, Jumblat alleges that he was denied benefits by Ali Baba, Makhoul and Adamo pursuant to ERISA §1132 and that Makhoul and Adamo, as fiduciaries of the Plan, breached their fiduciary duty. (*See generally* Compl.)  As set forth herein, Jumblat fails to plausibly plead that either Ali Baba or Adamo is liable pursuant to ERISA §1132.

### III.  ARGUMENT

**A. Motion to Dismiss Pursuant to Rule 12(b)(6) – The Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. When weighing a motion to dismiss, a court may consider the complaint, attached exhibits and other indisputably authentic documents if the plaintiff's claims are based upon those documents. *Reginella Const. Co. Ltd. v. Travelers Cas. & Sur. Co. of Am.*, 949 F.Supp. 2d 599, 609 (W.D.Pa. 2013), *aff'd*, 2014 WL 2598717 (3d Cir. June 11, 2014). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United

---

[2] Notably, attached as Exhibit A to the Complaint following the document entitled "Summary Plan Description for Ali Baba Restaurant Defined Benefit Pension Plan Employee/Participants" are several documents related to the Plan issued by MetLife. (*See* Compl., Ex. A, pgs. 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 57.)

States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. citing *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557.

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (*citing Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

### B. Jumblat Cannot Maintain a Claim Against Either Ali Baba or Adamo for Denial of Benefits Pursuant to ERISA Section 1132

Jumblat seeks to impose liability on Ali Baba, Makhoul and Adamo for the denial of benefits under the Plan. Jumblat cannot maintain a cognizable legal claim against either Ali Baba or Adamo because neither is a proper party under ERISA because neither is a benefit plan or a fiduciary. In the Third Circuit, a proper defendant in an ERISA claim for wrongful denial of benefits is the plan itself or the plan fiduciary. *Curcio v. John Hancock Mutual Life Insurance Co.*, 33 F.3d 226, 233 (3d Cir. 1994).

Ali Baba and Adamo contend that it is self-evident that neither Ali Baba nor Adamo is a "plan" for ERISA purposes. As such, the sole issue is whether Jumblat has alleged sufficient facts to establish that Ali Baba and/or Adamo is a fiduciary. Jumblat has failed to allege sufficient facts to cloak either Ali Baba or Adamo with fiduciary status. ERISA provides:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. §1002(21)(A). To be a fiduciary within the meaning of ERISA §1002(21)(A), a person must "act in the capacity of manager, administrator, or financial advisor to a 'plan.'" *Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A)*, 768 F.3d 284, 291 (3d Cir. 2014), *citing Pegram v. Herdrich*, 530 U.S. 211, 222, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). ERISA defines fiduciary not in terms of formal trusteeship, but in functional terms of control and

authority over the plan. *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013). In sum, the linchpin of fiduciary status under ERISA is discretion. *Curcio*, 33 F.3d at 233.

Count I of the Complaint includes an allegation that the "Plan Administrator, Makhoul, improperly denied" Jumblat's benefits under the Plan. (*See* Compl. ¶28). Count I of the Complaint does not assert any allegation regarding fiduciary status against either Ali Baba or Adamo. Indeed, while Count I includes a general allegation that Jumblat has suffered damages "as a result of the *Defendant's* actions" (emphasis added), the Complaint is entirely devoid of any facts to support a conclusory allegation that either Ali Baba or Adamo is a fiduciary pursuant to ERISA. An employer is not a proper defendant in an ERISA denial of benefits claim when the employer did not exercise control over the plan's administration as required by ERISA §1132(a)(1)(B). *Evans v. Employee Benefit Plan*, 311 Fed.Appx. 556, 558 (3d Cir. 2009). As noted above, in deciding a motion to dismiss, the court must accept as true all well-pled facts, but it is not required to accept as true a legal conclusion couched as a factual allegation. *Iqbal,* 556 U.S. at 678.

The Summary Plan Description attached as Exhibit A to the Complaint and the related documents included therewith identify Makhoul as the Administrator and Trustee. (*See* Compl., Ex. A, pgs. 1, 14, 15 and 43.) Consistent with the Plan document's designation of Makhoul as the Plan's Administrator and Trustee, Makhoul signed the Summary Plan Description document as Plan Administrator and Trustee. (*See* Compl., Ex. A, pg. 15.) In addition, on January 3, 1992, Makhoul accepted and signed Jumblat's Plan beneficiary designation form in his capacity as Plan Administrator/Trustee. (*See* Compl., Ex. A, p. 43.) Neither Ali Baba nor Adamo is identified as an Administrator or Trustee in the Summary Plan Description or in any related documents attached to the Complaint. While one can be a fiduciary absent a designation as a named fiduciary or trustee of a plan, the more relevant inquiry to determine if someone is a fiduciary is whether that person

performed any statutory fiduciary functions for the plan. *Confer v. Custom Engineering Co.*, 952 F.2d 34, 37 (3d Cir. 1991). As noted previously, Jumblat's Complaint contains no facts to evidence that either Ali Baba or Adamo performed any fiduciary functions for the plan such as the exercise of discretionary authority or control with respect to the management or administration of the plan. Without facts of this nature, Jumblat cannot support a cognizable legal claim against Ali Baba or Adamo for denial of benefits pursuant to ERISA §1132.

In sum, Count I of the Complaint – Denial of Benefits Pursuant to ERISA §1132 - must be dismissed with prejudice against Ali Baba and Adamo for failure to state a claim upon which relief can be granted because neither Ali Baba nor Adamo is a plan or a fiduciary and, therefore, a proper party under ERISA.

### C. Jumblat Cannot Maintain a Claim Against Adamo for Breach of Fiduciary Duty Pursuant to ERISA Section 1132

Count II of the Complaint against Adamo is premised on Jumblat's conclusory allegation that Adamo is a fiduciary pursuant to ERISA. To establish a breach of fiduciary duty claim under ERISA §1132, a plaintiff must demonstrate that: (a) the defendant was/is an ERISA fiduciary; (b) the defendant breached an ERISA-imposed duty; and, (c) such breach caused a loss to the Plan. *Leckey v. Stefano*, 51 F.3d 212, 225-26 (3d Cir. 2007); *Nagy v. DeWese*, 771 F.Supp. 2d 502 (E.D. Pa. 2011).

As discussed at length above, Jumblat's Complaint fails to establish the first element of an ERISA breach of fiduciary duty claim – namely, that Adamo was at any time relevant an ERISA fiduciary. While Jumblat alleges that "Makhoul and Adamo are fiduciaries pursuant to ERISA" he alleges only that "Makhoul, is listed as the Plan's Administrator and Trustee." (Compl. ¶33.) In a desperate attempt to bring Adamo into the fold, Jumblat relies upon a formulaic recitation of the legal standard – namely, that Adamo acted in "the capacity of Manager, Administrator, or

Financial Advisor to the Plan", acted in an "administrative, managerial, and advisory capacity to the Plan", "exercised discretionary authority or control respecting management of such plan" and exercised "authority or control respecting management or disposition of assets." (Compl. ¶¶ 34 and 35.) Such conclusory assertions and threadbare recitals of the applicable legal standard are not credited under settled precedent. Although Count II of Jumblat's Complaint is draped with conclusory assertions that Adamo acted as a fiduciary and exercised discretionary authority, it lacks specific facts to support the plausible inference that Adamo was, in fact, a fiduciary.

Moreover, Jumblat's conclusory allegations about Adamo directly contradict the Plan documents attached to the Complaint, which evidence that Makhoul is the Plan Administrator and Trustee and, as such, the fiduciary for the Plan. (*See* Compl., Ex. A, pgs. 1, 14, 15 and 43.). More specifically, the Summary Plan Description provides that "[t]he Plan Trustee has the responsibility and discretion to invest all Plan assets." (Compl., Ex. A, pg. 2.) In addition, the Summary Plan Description identifies the responsibilities of the Plan Administrator as including, but not limited to, providing certain notices to participants, maintenance of the Plan documents, processing claims for benefits, and furnishing participants with a summary of the Plan's annual financial report. (Compl., Ex. A.) Again, Makhoul as the Plan Administrator and Trustee was/is the one with fiduciary obligations under ERISA, not Adamo.

Even if Adamo could be classified as a fiduciary, which is not conceded, Jumblat fails to allege sufficient facts to support a finding that Adamo breached any fiduciary duty imposed by ERISA. Jumblat alleges that Makhoul "insinuated" to him that no funds were left in the account created by the pension plan due to the funds being misappropriated and expended to assist in keeping Ali Baba running during difficult economic times following the September 11, 2001 terror attacks. (*See* Compl. ¶ 16.) The Complaint does not, however, allege that Adamo was in any way

involved in any conduct or activity related to the alleged misappropriation of funds from the Plan for the benefit of Ali Baba. As alleged, only Makhoul was specifically identified as being involved in the alleged misappropriation of funds. (See Compl. ¶¶15, 16 and 28.) While the Complaint contains general conclusory allegations that Adamo misappropriated the plan's funds, these are merely legal conclusions pled as factual allegations. (*See* Compl. ¶36.) Jumblat does not allege any facts that can support a finding that Adamo breached a fiduciary duty pursuant to ERISA.

In sum, Jumblat does not offer any evidence in support of the blanket conclusion that Adamo was an ERISA fiduciary with respect to the Plan. The Plan related documents attached as Exhibit A to the Complaint contradict any conclusory allegation that Adamo was at any time a fiduciary of the Plan. Because Jumblat has failed to allege sufficient facts to support a cognizable legal claim that Adamo is an ERISA fiduciary, Count II of Jumblat's Complaint for breach of fiduciary duty must fail. Accordingly, Count II of the Complaint for breach of fiduciary duty pursuant to ERISA §1132 must be dismissed with prejudice against Adamo for failure to state a claim upon which relief can be granted.

### IV.   CONCLUSION

For all of the foregoing reasons, Defendants Ali Baba Restaurant and Ziad Adamo respectfully request that this Honorable Court dismiss with prejudice Count I of the Complaint for denial of benefits against both Ali Baba and Adamo and Count II of the Complaint for breach of fiduciary duty against Adamo for failure to state a claim upon which relief can be granted.

       Respectfully Submitted,

       BURNS WHITE LLC

BY:    /s/ *Mary-Jo Rebelo*
       Mary-Jo Rebelo, Esquire
       Pa. I.D. No. 53539
       Daniel W. Inadomi, Esquire
       Pa. I.D. No. 312984
       48 26th Street
       Pittsburgh, PA  15222
       (412) 995-3347
       mjrebelo@burnswhite.com
       dwinadomi@burnswhite.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of September, 2018, the Brief in Support of Defendants Ali Baba Restaurant's and Ziad Adamo's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) has been electronically filed and served upon counsel of record listed below via the Court's ECF filing system.

Kayla Drum, Esq.
Kraemer, Manes & Associates, LLC
US Steel Tower
48th Floor
600 Grant Street
Suite 4875
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

Burns White LLC

BY: /s/ *Mary-Jo Rebelo*
      Mary-Jo Rebelo, Esquire