# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANI JUMBLAT, | ) | |
| Plaintiff, | ) | Civil Action No. 18-949 |
| v. | ) | Judge Cathy Bissoon |
| ALI BABA RESTAURANT, IVANHO MAKHOUL, and ZIAD ADAMO, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the Motion to Dismiss of Defendants Ali Baba Restaurant ("Ali Baba") and Ziad Adamo ("Adamo") (Doc. 12), seeking dismissal of Plaintiff Hani Jumblat's ("Plaintiff's" or "Jumblat's") Complaint (hereinafter "Complaint," Doc. 1) in its entirety. For the reasons that follow, the Motion to Dismiss of Ali Baba and Adamo (collectively, the "Moving Defendants") will be **GRANTED.**

## BACKGROUND

Plaintiff brings this suit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Complaint at ¶ 1.) Specifically, Plaintiff alleges that Defendants Ali Baba, Ivanho Makhoul ("Makhoul"), and Adamo unlawfully denied Plaintiff benefits under Plaintiff's Defined Benefit Pension Plan (the "Plan") and that Defendants Makhoul and Adamo breached their fiduciary duties to Plaintiff.

Plaintiff began employment at Ali Baba on or around March 1, 1974. (Id. at ¶ 9.) Plaintiff turned 65 years old on March 14, 2016, and began inquiring about his pension under the Plan. (Id. at ¶ 11.) The Plan, created by Ali Baba and Makhoul and becoming effective on

January 1, 1991, enabled Plaintiff to become 100% invested in his retirement benefits upon reaching his normal retirement date, his 65th birthday. (Id. at ¶¶ 12–14.) In response to Plaintiff's inquiries, Makhoul informed Plaintiff that there were no funds left in the Plan account because the business at Ali Baba had declined. (Id. at ¶¶ 15–16.) Plaintiff interpreted this to mean that the pension funds had been misappropriated from the Plan's account to the business in order to keep it running during difficult economic times. (Id. at ¶ 16.)

Plaintiff contacted the Department of Labor ("DOL") to seek recourse. (Id. at ¶ 17.) Plaintiff learned from the DOL that the Plan document that Plaintiff received was not on file with the alleged pension plan company, Met Life, and the DOL suspects that the Plan was never actually put into place. (Id. at ¶¶ 18–21.) Plaintiff was laid off on July 2, 2016. (Id. at ¶ 10.)

Count I alleges wrongful denial of benefits under 29 U.S.C. § 1132 against all Defendants. (Id. at ¶¶ 26–30.) Count II alleges breach of fiduciary duty under 29 U.S.C. § 1132 against Makhoul and Adamo, who "were acting as fiduciaries because they were acting in the capacity of Manager, Administrator, or Financial Advisor to the Plan, and were acting in an administrative, managerial, and advisory capacity to the Plan." (Id. at ¶¶ 31–34.) With respect to Count II, Plaintiff specifically alleges that Makhoul and Adamo "exercised discretionary authority or control respecting management of such plan or exercises any authority or control respecting management or disposition of assets" and "breached their fiduciary duties imposed by ERISA when [they] dealt the assets of the Plan in their own interest and for their own account by misappropriating the funds for their own use." (Id. at ¶¶ 35–36.)

## ANALYSIS[1]

The Moving Defendants' Motion to Dismiss asserts that the Complaint fails to state a claim against either Moving Defendant because neither is sufficiently pled to be a proper defendant under ERISA. (Brief in Support of Motion to Dismiss, hereinafter "Defendants' Motion," Doc. 13 at 5.) Plaintiff, represented by counsel, failed to respond to the Motion to Dismiss.

Count I of Plaintiff's Complaint alleges that the Plan Administrator, Makhoul, improperly denied benefits, and Plaintiff seeks relief against all three Defendants. (Complaint at ¶ 28.) Wrongful denial of benefits claims are brought pursuant to 29 U.S.C. § 1132(a)(1)(B) (also referred to as ERISA § 502(a)(1)(B)). "In a § 1132(a)(1)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only)." Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007). In Evans v. Employee Benefit Plan, the Third Circuit explained that any person who controls the administration of benefits under the plan can be liable under § 1132(a)(1)(B). 311 F. App'x 556, 558–59 (3d Cir. 2009). The Moving Defendants argue that they cannot be held liable for wrongful denial of benefits under ERISA because Plaintiff fails to allege that either of them controlled the administration of benefits. (Defendants' Motion at 6.) The Court agrees.

The Complaint alleges that Ali Baba—along with Defendant Makhoul, who has not moved to dismiss—created the Plan. (Complaint at ¶ 11.) However, all other factual allegations in the Complaint either refer exclusively to Makhoul or use a generic "Defendant," without

---

[1] In deciding whether to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take as true all of the well-pleaded facts in the complaint, Fowler v. UPMC Shadyside, 578 F.3d 201, 211 (3d Cir. 2009), and determine whether these facts raise a reasonable expectation that discovery will reveal the evidence necessary to prove each element of plaintiff's claims, Thompson v. Real Estate Mortgage Network, 748 F.3d 142, 147 (3d Cir. 2014).

indication as to which of the three Defendants it is referencing. Plaintiff attached a copy of the "Summary Plan Description for Ali Baba Restaurant Defined Benefit Pension Plan Employee/Participants" ("SPD"), which lists Makhoul alone as the Plan Administrator and Plan Trustee. (Doc. 1-2.) Because neither of the Moving Defendants is the plan itself or an administrator in their official capacity, Graden, 496 F.3d at 301, and the Plaintiff does not allege any facts showing that Moving Defendants exercised any control over the administration of the Plan, the Moving Defendants are improperly named.

Evans compels this conclusion. In that case, the plaintiff named her employer as a defendant to her wrongful denial claim, alleging that the employer was listed as the plan administrator. 311 F. App'x at 558. The Third Circuit concluded the employer was not a proper defendant because the employer had delegated its administration duties to MetLife. Id. at 558–59; see also Miller v. Mellon Long Term Disability Plan, 721 F. Supp. 2d 415, 439–40 (W.D. Pa. June 25, 2010) (finding the only proper defendants in a § 1132(a)(1)(B) claim are the Plan and the Plan Administrator). This is an even simpler case than Evans. Because Plaintiff fails to allege *any* facts showing Moving Defendants exercised control over the administration of the Plan or benefits under the Plan, Count I will be dismissed as to the Moving Defendants. (See generally Complaint.)

With respect to Count II, breach of fiduciary duty under ERISA, the Complaint alleges that Adamo is a fiduciary pursuant to ERISA based on his actions "in capacity of Manager, Administrator, or Financial Advisor to the Plan," and his exercise of "discretionary authority of control respecting management of such plan." (Complaint at ¶¶ 34, 35.) These are conclusory statements, and the Complaint lacks well-pleaded factual allegations demonstrating that Adamo is a plausible fiduciary. See Mehra v. Pfizer Retirement Committee, No. 11-3854, 2013 WL

5288088, at *8–9 (D.N.J. Sept. 17, 2013) (plaintiff must allege specific facts demonstrating exercise of authority or control over plan by alleged fiduciary). The attached SPD is of no help, as Adamo's name is not listed as a Plan Administrator or Plan Trustee. (Doc. 1-2 at 18.) Plaintiff fails to plausibly allege Adamo's status as a fiduciary. Therefore, Count II will be dismissed as to Adamo.

Consistent with this Court's Order, Moving Defendants' counsel made good faith efforts to confer with Plaintiff's counsel to determine whether issues raised in the Motion to Dismiss could be cured by amendment, and Plaintiff chose not to amend the Complaint. (Order, Doc. 2; Certificate of Movant, Doc. 12-2.) Plaintiff had an opportunity to amend the Complaint under Federal Rule of Civil Procedure 15(a)(1)(B) upon receipt of Moving Defendants' Motion to Dismiss but declined to do so. In fact, Plaintiff failed to respond in any form to Moving Defendants' Motion to Dismiss.

Accordingly, the Court will not grant Plaintiff leave to file an Amended Complaint at this time. However, should Plaintiff identify a basis to file an Amended Complaint, a Motion for Leave to do so shall be filed on or before November 16, 2018, and the Court will consider it in accordance with the law of our Circuit.[2] Fitzgerald v. Martin, No. 16-3377, 2017 U.S. Dist. LEXIS 122228, at *65 (E.D. Pa. Aug. 3, 2017); see also Taylor v. Pilewski, No. 08-611, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008) ("[The c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed).

---

[2] "In determining whether leave to amend might reasonably be denied, courts are guided by the Foman factors . . . . Denial of leave to amend can be based on *undue delay*, bad faith or *dilatory motive on the part of the movant*; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Foman v. Davis, 371 U.S. 178 (1962)) (emphasis added).

Failure to timely file a Motion for Leave to amend will result in this dismissal of the claims against the Moving Defendants with prejudice, without further Order of the court.

\* \* \*

For the reasons set forth above, Moving Defendants' Motion to Dismiss (**Doc. 12**) is **GRANTED**. Count I of the Complaint as pled against Ali Baba and Adamo is dismissed. Count I of the Complaint as pled against Makhoul remains. Count II of the Complaint as pled against Adamo is dismissed. Count II of the Complaint as pled against Makhoul remains. Any Motion for Leave to amend Plaintiff's Complaint shall be filed on or before November 16, 2018. If no Motion for Leave is filed by that date, the Court will dismiss this case against Moving Defendants, with prejudice, consistent with this Order.

IT IS SO ORDERED.

October 30, 2018 /s Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record