**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HANI JUMBLAT, | ) | |
| | ) | Civil Action No. 18-949 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | |
| ALI BABA RESTAURANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

Plaintiff Hani Jumblat ("Plaintiff") initiated this action against Ali Baba Restaurant ("Ali Baba"), Ziad Adamo ("Adamo") and Ivanho Makhoul ("Makhoul") in July of 2018. (Doc. 1.)

Defendants Ali Baba and Adamo filed a Motion to Dismiss on September 25, 2018. ("Motion to Dismiss," Doc. 12.) Plaintiff did not amend his Complaint in response to the Motion to Dismiss, and he did not file a response in opposition. (Doc. 14 at 5.) In granting the Motion to Dismiss, the Court advised Plaintiff that he could seek leave to amend the Complaint in order to avoid dismissal of Ali Baba and Adamo with prejudice. (Id.) Plaintiff did not seek leave, and on November 20, 2018, the Court dismissed Plaintiff's claims against Ali Baba and Adamo with prejudice. (Doc. 15.)

Shortly thereafter, the Court issued an Order to Show Cause as to why the only remaining defendant, Defendant Makhoul, had not been served. (Doc. 16.) While Plaintiff's Response (Doc. 17), did not clearly demonstrate good cause for failure to timely serve, the Court nonetheless gave Plaintiff 15 additional days to serve Makhoul. (Doc. 18.) Specifically, Plaintiff was ordered to "obtain a waiver of service or effectuate service on Defendant Ivanho

Makhoul by 12/19/18 or face dismissal of this action." (Id.) Two weeks have passed since this deadline, and Plaintiff has not filed anything to demonstrate compliance with this Court's Order.

A district court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with a court order. Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). When doing so, the district court considers the six factors identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Dismissal is warranted in this case under the Poulis factors regarding Plaintiff's counsel's history of dilatoriness; Plaintiff's counsel's willful failure to respond to the Court's Order; and the lack of effective, alternative sanctions. Plaintiff's counsel's failure to respond to the Court's Order by December 19, 2018 was willful. There is no doubt that counsel had notice of the Order, and even two weeks after the deadline for service set by the Court passed, counsel has still made no effort to comply. Plaintiff's counsel's failure to timely serve is part of a pattern of dilatoriness—it is not evident that counsel has taken any affirmative steps to prosecute this case since filing it. In fact, Plaintiff's most recent filing indicates that Plaintiff's counsel was trying to see "if the necessary paperwork to dismiss the case was available." (Doc. 17 at ¶ 14.) In light of the above, the Court finds that dismissal of the remaining Defendant, Ivanho Makhoul, is warranted.

Accordingly, the above-captioned case is **DISMISSED**.

IT IS SO ORDERED.

January 2, 2019                    /s Cathy Bissoon
                                   Cathy Bissoon
                                   United States District Judge